GOFFINET ET AL., PLAINTIFFS AND APPELLANTS, *v.* POLANCO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for Recovery of Mesne Profits and Liquidation of Accounts.

No. 2929.—Decided March 26, 1924.

DAMAGES—MORTGAGE—FORECLOSURE.—The mortgagees who failed to make a faithful statement of the facts in their complaint in foreclosure and for this reason were adjudged to pay damages to the mortgagor in an ordinary action, can not recover from the purchasers of the property the amount of the damages on the plea that the latter had knowledge of the defects in the foreclosure proceeding and in combination with the mortgagor purchased the property for the purpose of gain.

ID.—COSTS—TEMERITY.—When it can not be concluded that in bringing an action the plaintiff was actuated by bad faith or temerity, the costs can not be imposed upon him although his complaint may be totally dismissed.

The facts are stated in the opinion.

*Mr. H. G. Molina* for the appellants.

*Messrs. Sarmiento & Puig* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment dismissing the complaint, with costs, for failure to state a cause of action.

The plaintiffs, mortgagees, brought summary foreclosure proceedings and the mortgaged property was sold at public auction to the defendants.

Later the mortgagor brought an ordinary action for the annulment of the special foreclosure proceedings and for the damages sustained by him by the sale of the mortgaged property. The complaint was sustained in the trial court and the judgment was affirmed by the Supreme Court on an appeal. 29 P. R. R. 111.

The damages allowed amounted to $9,930, which represented the profits that the mortgagor had failed to receive while out of possession of his property. The appellants alleged, however, that the defendants knew of the fatal defects in the summary proceeding and, notwithstanding such knowledge, combined with the owner of the mortgaged property to purchase the said property for the purpose of gain.

Taking these premises as a basis, the appellants pray for an accounting by the defendants of the profits received by them since they unlawfully took possession of the property and that the balance of the said account be credited to the sum of $19,202 which the defendants paid for the property and was retained by the appellants.

The reason given by the trial court for rendering its judgment was that the appellants had not been the owners or possessors of the property and had not been subrogated

to the right of the mortgagor in the summary proceedings.

The ground of the trial court was correct.

It is true that in the opinion of this court (29 P. R. R. 131) it was said that as the purchase price amounting to more than twice the amount of the judgment was still in the possession of the appellants, satisfaction of the judgment, without prejudice to whatever claim they might have to subrogation and reimbursement, could work no great hardship on them; but that was an incidental dictum which establishes no right in favor of the plaintiffs.

We think it unnecessary to consider the reasons of the lawmakers for declaring that the mortgagee who resorts to the summary foreclosure proceedings is liable in damages to the mortgagor or to interested third persons for malice or negligence in not making a faithful statement of the facts (article 169 of the Mortgage Law Regulations), for it was because of that provision that this court used the following language in the case cited, *supra:*

"The mortgagee who elects to exercise his right to this drastic remedy must be careful to comply with the requirements prescribed as some degree of protection to the mortgagor from wilful or negligent abuse of such right; or else be prepared to meet the obligation imposed upon him-by law and of necessity expressly assumed by him in his petition for foreclosure, in the event of his failure to make 'a true statement of facts and of the circumstances which the judge must take into consideration in authorizing the institution of the proceedings and continuing them.' "

And as regards the facts this court goes on to say:

"Appellants cite no authority upon this point beyond the general principle that 'there can be no recovery for losses which might have been prevented by reasonable efforts on the part of the person injured.' The invocation of that rule does not come with good grace from mortgagees who, in order to take advantage of the summary proceeding of the Mortgage Law, and of the inability of the mortgagor under the express provisions of that law to challenge the truth of the jurisdictional averments, have resorted to a deliberate misrepresentation of fact amounting to a fraud upon the court."

The rule that a party seeking the aid of a court of equity must come into court with clean hands is applicable to the present case, and if the plaintiffs in the foreclosure proceeding did not make a true statement of the facts, but made a malicious statement for a fraudulent purpose, we cannot see how they could reclaim from the purchasers of the property the penalty imposed upon them by law in damages when the appellants were not the owners of the property and the indemnity is in the nature of a penalty for malicious or negligent acts. The circumstances of the case might have been different and then it may perhaps be possible to imagine a situation where the appellants could have been subrogated to the rights of the owner.

Perhaps the incidental dictum mentioned on which the appellants rely may extenuate the consequences of the judgment as regards the imposition of costs. We cannot say, therefore, that the appellants were absolutely without right, though merely an apparent one, and although their claims were entirely rejected, it cannot be held that they were moved by temerity or lack of good faith in instituting and prosecuting the present action.

For these reasons the judgment must be affirmed except as to the matter of costs.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.